BEATTY, Justice
(dissenting):
The issue is correctly stated in the majority opinion: Whether the “Declaration of Unit” filed by Michigan on June 20, 1982, *829 served to pool the unit so that the leases held by Michigan and Cherry on the Black and Boman properties were extended past their primary term of three years.
The leases held by Michigan and Cherry on these properties provided that these leases would expire July 25, 1982, at midnight, unless extended in one of two ways: either the lessees could conduct operations on either the Black or Boman property before expiration of the lease; or the lessees could conduct operations on property which had been joined or “pooled” with the Black or Boman property in a valid unit.
The majority goes on to observe that “in order to ‘pool’ or ‘unitize’ leases, the lessee must obtain a force-pooling order from the Oil and Gas Board or the owners of the other leases must agree to pool. Code 1975, § 9-17-13,” and further states that § 9-17-13(a) establishes the procedures by which a unit may be formed. Nevertheless, the issue of the validity of the unit declared by Michigan for purposes of the statute is different from the issue of validity for purposes of the leases in question, and the latter issue is expressly controlled by the terms of the lease:
“Lessee is hereby granted the right, at its option to pool or unitize all or any part of said land and of this lease as to any or all minerals or horizons thereunder, with other lands, lease or leases, or portion or portions thereof, or mineral or horizon thereunder .... Lessee shall exercise said option as to each desired unit by executing an instrument identifying such unit and filing it for record in the public office in which this lease is recorded. ... A unit established hereunder shall be valid and effective for all purposes of this lease [e.g. extending the primary term thereof] even though there may be land or mineral royalty or leasehold interests in land within the unit which are not pooled or unitized. ...” (Emphasis added.)
I agree that in order to pool and develop the production unit as originally declared by Michigan in its June 20, 1982, declaration a force-pooling order would be necessary as to the Smith and Sorrell properties. However, this is not the issue here, and as for the real issue of the validity of the unit for purposes of extending the Black and Boman leases, I believe the terms of the leases should control.
For these reasons, I respectfully dissent.